

Hyman H. Borax, Boston, Mass., for plaintiff.

Henry Wise, Boston, Mass., for defendant.

United States District Court
D. New Jersey.

Oct. 11, 1949.

Sylvan D. Freeman and Emory Gardiner, New York City, by Max Meisner, Newark, N. J., for plaintiff.

Anthony A. Pable, Clifton, N. J., Pro Se.

FAKE, Chief Judge.

The issues here arise on a motion to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted.

The complaint asserts that the action is founded upon Sec. 206 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, § 1896, and in addition Sections 1(b), 205(a), 205(c) and 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, §§ 901(b), 925(a, c, e). The violations alleged charge that defendant collected, by way of bonus, the sum of $180.00 in excess of $45.00 and $40.00 per month as fixed by law, against each of two tenants, resulting in rent in excess of the prescribed maximums.

The relief prayed for is an injunction enjoining defendant from demanding or receiving rents in excess of the maximum rents prescribed by the Housing and Rent Act of 1947, or in excess of those permitted by any regulation or order established thereunder: An order directing defendant to tender a refund of $180 to each of two tenants: An order directing the said amounts to be paid to the Government if restitution cannot be made to the tenants, and other relief with costs.

The complaint consists of four flimsy, blurred, mimeographed sheets with open spaces filled in with carbon copies of typed information. This set-up is not only hard on the eyes but violates the express provisions of General Rule 8(B) of this court. However, I will not strike the complaint from the files in the instant case, but notice is now given that all such pleadings are subject to be stricken in the future. The defendant's answer furnishes an outstanding contrast. It fully conforms with the rule in every particular including the weight of the paper. Apparently it was typed on an electric typewriter.

The defendant, in his answer, denies the applicability of Sec. 205(e) of the Emer-

gency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 925(e). Admits that tenants have not sued him under Sec. 205 of the Act as alleged in the complaint and denies any excess of rents. By way of separate defenses, defendant asserts that plaintiff is without authority to sue for recovery of overcharges under the Housing and Rent Act of 1947: That plaintiff's only recourse is to the Emergency Price Control Act of 1942, as amended: That the only pertinent provision thereof is found in Sec. 205(e) which section is without effect because of the lapse of more than a year after the violation alleged.

While the record is not in the shape one would like, since the motion to strike was filed before issues joined by the answer, I take it that the answer may now be treated as a demurrer, and the earlier motion to strike was revived by consent of both sides in the interest of expedition I will so treat it.

Coming now to a solution of the issues thus raised: Is Sec. 205(e) of the Act of 1942 applicable here? I think not. That section applies only where treble damages or $50. are sued for, and here no such recovery is sought. It appears in the complaint only because that paper is a streamlined, mimeographed form which, in an overabundance of caution, covers a plurality of objectives. That this is so is borne out by plaintiff's brief wherein reliance on Sec. 205(e) is abandoned. The allegation in the complaint on this point is therefore stricken.

Is plaintiff without authority to sue for the alleged overcharges? At the time of the violations complained of the Emergency Price Control Act of 1942, as amended, was in effect and it so remained until June 30, 1947 when it expired by its terms, " * * * except that as to offenses committed * * * prior to such termination date, the provisions * * *" thereof are to "be treated as still remaining in force" to sustain "any proper suit, action, or prosecution with respect to any such right, liability, or offense." Thus it is clear that the claim sued on here has survived, and it appears that by virtue of Executive Order No. 9841, 50 U.S.C.A. Appendix, § 601 note, issued April 23, 1947, authority to sue thereon became vested in the plaintiff Expediter, in the following language: " * * * Functions with respect to rent control are transferred to the Housing Expediter * * *" and " * * * shall be deemed to include authority * * * to institute * * * in his own name civil proceedings * * *." The answer is therefore, no, and defendant's motion to strike on this point is denied.

Is Sec. 205(e) of the Act of 1942 the only section plaintiff can sue on? The answer is no. He may sue, and does sue here on Sec. 205(a). This section provides that: "Whenever in the judgment of the Administrator any person has engaged * * * in any acts * * * which constitute * * * a violation of * * * section 4 of this Act" the administrator "may make application * * * for an order * * * enforcing compliance * * * and upon a showing * * * that such person has engaged * * * in any such acts * * * a permanent or temporary injunction * * * or other order shall be granted without bond." Section 4(a), 50 U.S.C.A.Appendix, § 904(a), of Section 4, above mentioned provides: "It shall be unlawful * * * to * * * receive any rent * * * or otherwise to do * * * any act, in violation of any regulation or order under section 2." Now looking to 2(b), 50 U.S.C.A.Appendix, § 902(b), it is found that the Administrator was authorized to establish maximum rents for defense areas. This leads to 10 Fed. Reg. 13528, wherein the rents in the instant case were fixed at $45.00 and $40.00 per month. As has been noted the powers of the Administrator are now vested in plaintiff Expediter. From all of which it follows that the complaint herein, so far as based upon Sec. 205(a) of the Act of 1942, is well founded and the motion to dismiss on this point is denied.

An order may be entered in conformity herewith.